IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INSTITUTE FOR JUSTICE,**<br><br>    901 N. Glebe Road, Suite 900<br>    Arlington, VA 22203<br>                    Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF JUSTICE,**<br><br>    950 Pennsylvania Avenue NW<br>    Washington DC 20530<br><br>**U.S. DRUG ENFORCEMENT AGENCY,**<br><br>    800 K Street, N.W., Suite 500<br>    Washington, DC 20001<br><br>                    Defendants. | Civil Action No. 1:25-cv-00652<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff the Institute for Justice ("IJ") brings this suit against Defendants U.S. Department of Justice ("DOJ") and U.S. Drug Enforcement Agency ("DEA") for declaratory and injunctive relief and states as follows:

**PRELIMINARY STATEMENT**

1.      This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*.  FOIA "was enacted to promote transparency and accountability in how the federal government discharges its numerous and far-ranging responsibilities."  *Shapiro v. U.S. Dep't of Justice*, 153 F. Supp. 3d 253, 256 (D.D.C. 2016).  FOIA provides a means for the public to access government documents and "mandates that an agency disclose records upon request, unless they fall within" an enumerated exception.  *Id.* at 257.

2. Consistent with Congress's objectives under FOIA, the statute imposes a number of nondiscretionary obligations on agencies. Agencies must, for example, conduct reasonable searches for requested information and produce responsive records on a specified timeline (unless an enumerated exemption applies). *See* 5 U.S.C. § 552(a)(3), (b). Agencies shall also "take reasonable steps necessary to segregate and release nonexempt information." *Id*. § 552(a)(8)(ii)(II). FOIA also sharply curbs the fees an agency may charge for the production of documents that "contribute significantly to public understanding of the operations or activities of the government and [are] not primarily in the commercial interest of the requester." *Id*. § 552(a)(4)(A)(iii).

3. Congress also imposed timing obligations on agencies, requiring them to "make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). Agencies have 20 working days to make a "determination" as to whether to comply with a request and "immediately notify the person making such request." *Id.* § 552(a)(6)(A)(i). Although an agency may extend the 20-working-day period by an additional 10 working days in case of "unusual circumstances," *id.* § 552(a)(6)(B)(i), it must provide "timely written notice to the requester in accordance with paragraph (6)(B)," *id.* § 552(4)(A)(viii)(II)(aa), that is, before the default 20-working-day period expires.

4. A FOIA requester is deemed to have exhausted its administrative remedies "if the agency fails to comply" with the statutorily specified deadlines. 5 U.S.C. § 552(a)(6)(C)(i). Federal District Courts have "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

5. IJ is a non-profit organization with a mission to safeguard constitutional rights, including property rights. As part of that mission, IJ has litigated cases raising claims on behalf of people whose property has been damaged or destroyed by law enforcement

agencies. After encountering numerous cases in which innocent property owners had their property damaged or destroyed by law enforcement agencies and were unable to receive compensation for their loss, IJ sought to study this phenomenon and share its findings with the public. To that end, IJ has requested records related to such property damage claims from various state and federal agencies, including the U.S. Customs and Border Protection ("CBP") and, as relevant here, DEA.

6. IJ has been seeking records related to compensation claims and determinations for damages to private property caused by DEA through its law enforcement actions. IJ also has been seeking policy documents governing the adjudication of such claims.

7. IJ submitted a FOIA request on September 6, 2023, and DEA was statutorily required to respond within 20 working days. But nearly 18 months and two administrative appeals later, DEA has yet to produce a single document. Instead, it has invoked sweeping exemptions that cannot apply to all the responsive documents, much less to each part of every responsive document.

8. DEA's first response to IJ's request, issued more than four months after IJ's request, contained a blanket assertion that all documents could be withheld under Exemption 5, 5 U.S.C. § 552(b)(5). Exemption 5 shields from disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency," *id.*, that is, documents that fall under the deliberative process privilege, the attorney-client privilege, or the attorney work product privilege. Yet, DEA invoked Exemption 5 for documents that originated outside the agency, were transmitted to individual claimants, and/or were final agency actions.

9. IJ appealed this determination to DOJ's Office of Information Policy ("OIP"). DOJ did not affirm DEA's invocation of Exemption 5 but instead remanded for further processing.

10. Months later, DEA issued a new response. Making no mention of Exemption 5, this time DEA determined all requested documents should be withheld under Exemptions 6, 7(C), and 7(F), 5 U.S.C. § 552(b)(6), (b)(7)(C), (b)(7)(F). These Exemptions shield personnel or medical files or similar files and records compiled for law enforcement purposes, only to the extent the disclosure of such documents could be expected to constitute an unwarranted invasion of personal privacy or could reasonably be expected to endanger an individual's life or physical safety. But IJ's requested documents are not the types of files covered by Exemptions 6 and 7, as they do not implicate the privacy concerns protected by these Exemptions. There is no plausible argument, for instance, that requested guidance and policy documents can involve personal or private information, and even if they could or did, that information could be redacted. And DEA has offered no explanation as to how disclosure of the withheld documents could possibly result in harm to any individuals, much less endanger one's life or physical safety. Even if there were some privacy interests theoretically implicated by IJ's requests, those interests would be outweighed by the substantial public interest in disclosure.

11. IJ again appealed DEA's determination to DOJ's OIP. DOJ has failed to respond within 20 working days of receipt, as it is statutorily obligated to do. To date, DEA has not produced a single responsive document. Upon information and belief, DEA has not undertaken any efforts to determine whether responsive documents that may fall under a FOIA exemption are segregable and can be produced. Indeed, it remains unclear whether DEA has determined the volume of responsive documents.

12. In contrast to DEA, another federal agency, CBP, has produced responsive documents to a substantively similar FOIA request. To date, IJ has received 82 records from CBP, including claims forms for damages and the determination notices for each of those claims. At no point has CBP invoked any FOIA exemption in the blanket fashion DEA has

in its response to requests for the same claims form.

13.     DEA's repeated and unjustified refusal to produce the requested documents and DOJ's failure to direct DEA to release the requested documents violates FOIA.

## **PARTIES**

14.     Plaintiff is IJ, a non-profit organization registered under section 501(c)(3) of the Internal Revenue Code with a mission of ending widespread abuses of government power.  IJ is dedicated to promoting and defending civil liberties, especially the freedom of speech, economic liberties, and private property rights.  It does so through a variety of mechanisms, including pro bono litigation, publication of information and research, media appearances, and public advocacy.  As relevant here, IJ gathers information of interest to the public through FOIA requests and other means, analyzes this information, and produces research reports, press releases, op-eds, informational videos, and other online content.  IJ engages in extensive outreach to the media and public regarding its research, including by distributing these reports, press releases, op-eds, videos, and online content at no charge.  The dissemination of this information aids the public's understanding of government activity and its impact on individual rights. IJ is domiciled in Virginia with its offices located at 901 N. Glebe Road, Suite 900, Arlington, VA 22203.

15.     Defendant DEA is an agency within the meaning of 5 U.S.C. § 552(f)(1) and *id*. § 552a(a)(1).  DEA has possession and control of records requested by IJ.  DEA is headquartered at 800 K Street, N.W., Suite 500, Washington, DC 20001.

16.     Defendant DOJ is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and *id*. § 552a(a)(1).  DOJ is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530, and the Office of Information Policy is located at 441 G Street, NW, 6th Floor, Washington, DC 20530.

**JURISDICTION AND VENUE**

17. This action arises under FOIA. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

18. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. § 2201.

19. This Court has authority to award injunctive relief pursuant to 5 U.S.C.§ 552(a)(4)(B).

20. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B), which provides for judicial review in the U.S. District Court for the District of Columbia, and 28 U.S.C. § 1391(e), because Defendants reside in the district.

**PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**

21. DEA is a federal agency charged with enforcing the controlled substances laws and regulations of the United States. In carrying out this mission, DEA coordinates with federal, state, and local law enforcement to investigate and intercept illegal substances and is responsible for the seizure and forfeiture of assets "derived from, traceable to, or intended to be used for illicit drug trafficking." *See DEA Mission Statement*, DEA, https://www.dea.gov/about/mission.

22. IJ is a non-profit organization that regularly publishes reports on issues of public importance. As a part of that mission, IJ is researching how common it is for law enforcement actions such as SWAT raids or spike-strip deployments (or other actions) to result in property damage for which owners seek compensation (and how frequently they are compensated).

23. In accordance with its mission to study and report on losses and whether they were compensated by government agencies, on September 6, 2023, IJ submitted a FOIA request to DEA, seeking:

> (1) "All records of claims filed (including claims made using Standard Form 95 [or SF-95]) against the United States or the United States DEA by individuals alleging their property was damaged during law enforcement actions conducted by the DEA," including "[r]ecords of the compensation decisions for such claims, including whether the claim was denied, paid (including the payment amount), or settled (including the settlement amount)," and
>
> (2) "Any documents that include guidance for government officials on how to make claims compensation decisions."

*See* Ex. A, IJ FOIA Request to DEA.

24.    On October 31, 2023, DEA informed IJ that its request would be placed on the "complex track." *See* Ex. B, Notification of Complex Track.

25.    DEA waited 142 days to substantively respond to IJ's request. On January 25, 2024, DEA issued only a boilerplate response that all records requested are exempt from FOIA under Exemption 5. *See* Ex. C, DEA Decision under Exemption 5. DEA did not produce a single document.

26.    The response was deficient because DEA violated its statutory and regulatory obligations by failing to include: (1) a volume estimate of the responsive materials (violating 5 U.S.C. § 552(a)(6)(F) and 28 CFR § 16.6(e)(3))—indeed, there was nothing to indicate DEA even performed a search; (2) the name, title, or position of the person making the determination (violating 5 U.S.C. § 552(a)(6)(C)(i) and 28 CFR § 16.6(e)(1)); and (3) a brief statement of the reasons for denial (violating 28 CFR § 16.6(e)(2) (requiring a statement that "include[s]," and is not coextensive with, the applicable exemption)). *See* Ex. C; Ex. D, Appeal to DOJ of Initial DEA Decision.[1]

27.    DEA also wrongly withheld requested documents under Exemption 5, even though the documents could not plausibly fall under the deliberative process privilege, the attorney work product doctrine, or the attorney-client privilege. CBP, in contrast, never

---

[1] Exhibits D and H are both DOJ appeal submissions with individual exhibits included therein.

invoked Exemption 5 in response to IJ's substantively identical request.

28. To the extent Exemption 5 were to apply to certain documents or portions of documents, DEA failed to fulfill its obligation to segregate and produce the remainder of responsive documents.

29. On April 23, 2024, IJ timely appealed DEA's January 25, 2024 denial to OIP at DOJ, arguing that DEA violated its procedural and substantive obligations under FOIA and its implementing regulations. *See* Ex. D. DOJ acknowledged receipt of IJ's appeal and assigned it file number A-2024-01435. *See* Ex. E, Appeal Acknowledgement from DOJ.

30. DOJ was required to respond to IJ's appeal within 20 working days, excepting Saturdays, Sundays, and legal public holidays. 5 U.S.C. § 552(a)(6)(A)(ii). On July 23, 2024, approximately three months after IJ submitted its appeal, DOJ issued a decision and remanded IJ's request to the DEA for "further processing" of "DEA's full denial of [IJ's] request pursuant to Exemption 5." *See* Ex. F, DOJ Appeal Decision.

31. More than three months later, on October 10, 2024, DEA issued a response to DOJ's remand decision. *See* Ex. G, DEA Decision on Remand. DEA offered new and previously unasserted rationales for withholding the requested records and claimed that all records requested are exempt from FOIA under Exemption 6, Exemption 7(C), and Exemption 7(F). Notably, DEA abandoned its prior invocation of Exemption 5.

32. DEA's second response was also procedurally deficient. DEA again failed to include either a volume estimate of the responsive materials that its search yielded or a brief statement of the reasons for the denial. It did not indicate whether it performed complete searches, provided no description of the responsive documents, and offered no statement for the reasons of denial.

33. DEA wrongly withheld the requested documents under Exemptions 6 and 7 (C) because the documents are not files covered by either Exemption and because disclosure

would not be reasonably expected to constitute an unwanted invasion of personal privacy. DEA has not established that the requested documents are "personnel [or] medical files [or] similar files" under Exemption 6 or that the files were "compiled for law enforcement purposes" under Exemption 7. *See* 5 U.S.C. §§ 552(b)(6), (7). The SF-95 claim forms that make up the core of IJ's FOIA request and the guidance documents concerning the processing of those forms are not the type of sensitive medical or employment information contemplated by Exemption 6. These documents are also not the type of law enforcement documents contemplated by Exemption 7(C) or 7(F) because these documents do not concern DEA proceedings intended to *prevent* criminal activity or maintain security because they involve compensation for DEA activities that already occurred. *See, e.g.*, *Lewis v. U.S. Dep't of the Treasury*, No. 17-cv-0943, 2020 WL 1667656, at *2 (D.D.C. Apr. 3, 2020) (explaining that Exemption 7 covers law enforcement proceedings or investigations meant to prevent criminal activity and maintain security). Further, DEA's invocation of Exemption 7(F) is especially implausible, as there is no reason to believe that claim forms submitted by members of the public to the government, the government's responses to those claims, or guidance documents regarding the processing of those claims "could reasonably be expected to endanger the life or physical safety of any individual." 5. U.S.C. § 552(b)(7)(F).

34. To the extent Exemptions 6, 7(C), or 7(F) were to apply to certain documents or portions of documents, DEA has failed to fulfill its obligation to segregate and produce the remainder of responsive documents. Instead, DEA has withheld all documents without explaining why redactions or selective withholding will not suffice to protect any existing privacy interests.

35. There is no reason to believe that appropriate redactions or selective withholding would not adequately serve the interests protected by Exemptions 6, 7(C), or

7(F). On the contrary, when IJ submitted substantively identical requests to CBP, that agency did not issue a blanket denial like DEA. Instead, CBP produced the requested documents, including the requested SF-95 forms, with minor redactions under Exemptions 6 and 7(C). CBP did not assert Exemption 7(F) at all.

36. On January 8, 2025, IJ timely appealed DEA's October 10, 2024 remand decision to OIP at DOJ, arguing that DEA once again failed to fulfil its procedural and substantive requirements under FOIA and its implementing regulations. *See* Ex. H, Appeal to DOJ of DEA Remand Decision.

37. On January 10, 2025, DOJ acknowledged receipt of IJ's second appeal and assigned it file number A-2025-00662. *See* Ex. I, Appeal Acknowledgement from DOJ.

38. DOJ was obligated to respond within 20 working days, excepting Saturdays, Sundays, and legal public holidays. 5 U.S.C. § 552(a)(6)(C)(i). It has failed to do so.

39. Administrative remedies under FOIA are deemed exhausted when an agency fails to comply with the statute's applicable time limits. Having fully exhausted applicable administrative remedies for each of its requests, IJ now turns to this Court to enforce FOIA's guarantee of public access to agency records.

40. DEA's actions violate FOIA and contravene its statutory purpose of "ensur[ing] an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

41. The Court should order DEA to produce the requested documents immediately. Alternatively, to the extent Exemptions 6, 7(C), and 7(F) apply to the requested records, DEA should produce all segregable information.

**CLAIM FOR RELIEF**

**COUNT I**
**Declaratory and Injunctive Relief:**
**Constructive Denial in Violation of FOIA, 5 U.S.C. § 552**

42.  IJ realleges and incorporates all previous paragraphs as if fully set forth herein.

43.  FOIA provides this Court with "jurisdiction to enjoin [DEA] from withholding agency records and to order the production of any agency records improperly withheld from [IJ]." 5 U.S.C. § 552(a)(4)(B).

44.  The withheld records IJ seeks, which are the subject of its request to DEA, are agency records within DEA's control.

45.  DEA denied IJ's FOIA request on January 25, 2024. *See* Ex. C.

46.  IJ administratively appealed DEA's denial on April 23, 2024, and DOJ acknowledged receipt of IJ's appeal on April 23, 2024. *See* Ex. D; Ex. E.

47.  On July 23, 2024, DOJ remanded IJ's request to the DEA for "further processing" of "DEA's full denial of [IJ's] request pursuant to Exemption 5." *See* Ex. F.

48.  On October 10, 2024, more than three months later, DEA issued a response to DOJ's remand decision. *See* Ex. G.

49.  IJ administratively appealed DEA's October 10, 2024 denial on remand to DOJ on January 8, 2025, and DOJ acknowledged receipt of IJ's appeal on January 10, 2025. *See* Ex. H; Ex. I.

50.  Pursuant to FOIA, DOJ was required to make and communicate to IJ a "determination" on its appeal within 20 working days. 5 U.S.C. § 552(a)(6)(A)(ii).

51.  To date, DOJ has neither made nor communicated to IJ a "determination" on its appeal within the meaning of 5 U.S.C. § 552(a)(6)(A)(ii). DOJ has instead failed to respond to the appeal and thus constructively denied it.

52.  There is no basis under FOIA to withhold, in whole or in part, the records that

-11-

IJ requested. DOJ and DEA have wrongfully withheld agency records in violation of FOIA.

53. IJ requests a declaratory judgment that DOJ and DEA have violated FOIA and that IJ is entitled to immediately receive the requested records.

54. IJ further requests that, pursuant to FOIA, the Court issue an injunction directing DOJ and DEA to produce the requested records in full and setting a deadline for compliance.

### REQUEST FOR RELIEF

WHEREFORE, IJ respectfully requests that this Court:

A. Declare DEA's and DOJ's failure to provide responsive records unlawful under FOIA;

B. Enter an injunction, pursuant to 5 U.S.C. § 552(a)(4)(B), directing DEA and DOJ to make the requested records available to IJ without further delay, and setting a deadline for compliance;

C. Provide for expeditious proceedings in this action;

D. Award IJ its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant such other and further relief as the Court may deem just and proper.

Date: March 5, 2025

Respectfully Submitted,

*/s/ Donna M. Farag*
Donna M. Farag (D.C. Bar. No. 90006157)
Kelly Dunbar (D.C. Bar No. 500038)
Rebecca M. Scaife* (D.C. Bar No. 1725270)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Tel.: (202) 663-6000
Fax: (202) 663 6363

*Application for admission pending*